**John VEAZEY and Tonya Veazey**

v.

**ASCENSION PARISH SCHOOL BOARD, State of Louisiana, Barbara Leblanc, Susan Robinson, and Shelby Robert**

No. CIV. A. 98–377–B–M2.

United States District Court, M.D. Louisiana.

Aug. 2, 2000.

Paul Leonard Veazey, Jr., Stockwell, Sievert, Viccellio, Clements & Shaddock, Lake Charles, for John Veazey, Tonya Veazey, plaintiffs.

Jeffery Paul Diez, Gordon R. Crawford & Associates, Gonzales, Ernest Lynwood O'Bannon, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, Celeste Brustowicz, Burglass & Associates, Metairie, for Ascension Parish School Board, Barbara Leblanc, Susan Robinson, Shelby Robert, defendants.

**ORDER**

POLOZOLA, Chief Judge.

This matter is before the Court on cross

motions for summary judgment.[1] In addition, the parties have filed a joint memorandum addressing the issue of whether the Court should remand the case for further administrative hearings.[2] For the reasons set forth below, the Court grants plaintiffs' motion for summary judgment to the extent a new administrative hearing is ordered. In all other respects, both motions for summary judgment are denied without prejudice. The Court orders that this case shall be reviewed by a properly constituted administrative review panel which shall consider the issues presented in this case. The Court will administratively close this case in the interest of justice and judicial economy until a proper administrative hearing is held.

### 1. Facts and Procedural History

John and Tonya Veazey filed this action individually and on behalf of their minor son, John Gideon Veazey ("Buddy") challenging the decision of the Ascension Parish School Board to transfer Buddy to Gonzales Primary School in Ascension Parish.

Buddy Veazey is a profoundly deaf child who has had the use of cochlear implants since the age of two years. These implants permit Buddy to communicate orally with members of his family as well as his school mates.

In addition to these implants, Buddy makes use of a technique known as "cued" speech which uses hand signals in conjunction with mouth movements to represent the phonetic sounds of the spoken language. As a part of his education, Buddy has made use of a "cued" speech transliterator who assists him in his use of cued speech during classes at school.

John and Tonya Veazey challenge the decision made by the Ascension Parish School Board to enroll Buddy at the Gonzales Primary School as opposed to Oak Grove Primary School, a school located closer to his home. In early August of 1996, the School Board notified the Veazeys that Buddy would continue to attend Oak Grove Primary School which, according to the plaintiffs, is the school that Buddy would have attended absent his disability. Buddy attended Oak Grove from 1995–1996. In late August, 1996, the School Board verbally informed the Veazeys that Buddy had been transferred to Gonzales Primary to be clustered with other "cued" speech students and to facilitate his use of a "cued" speech transliterator. The Veazeys were further told that placing Buddy at Gonzales Primary would benefit Buddy and improve his lip reading skills. The School Board memorialized this decision by sending a "site selection" form to the Veazeys which was dated August 19, 1996. The form indicated that Gonzales Primary would provide "the student with opportunities to communicate using his chosen mode of communication with other age-appropriate hearing impaired students, thereby enhancing his communication and social skills."[3]

Pursuant to the provisions of the IDEA and the LECA, the Veazeys requested a due process hearing to consider Buddy's school placement. The hearing was held on October 14, 15 and November 14, 1997 to consider the School Board's decision regarding Buddy. The hearing officer rendered a decision on December 12, 1997 and ruled that "although the child was receiving appropriate aids and services in his neighborhood school environment; and although he was making satisfactory progress in that environment, the school board had absolute discretion to decide what school the child should attend."[4] The Veazeys appealed the decision to a state level appellate panel, pursuant to state

---

1. Rec. Doc. Nos. 25 (plaintiffs' motion), 27 (defendant's motion).

2. Rec. Doc. No. 56.

3. Rec. Doc. No. 2, p. 8.

4. Rec. Doc. No. 2, p. 13–14.

regulations related to the LECA.[5] Further, the hearing officer held that the IDEA and the regulations pertaining to it, did not prevent the school board from transferring Buddy to Gonzales Primary.[6] The panel upheld the hearing officer's ruling.[7]

## 2. Issues presented

At present, the parties have filed cross motions for summary judgment.[8] These motions only address the appeal of the administrative hearings because the issue of liability and damages have been bifurcated. In addition, the Court must consider whether the case should be remanded for another administrative hearing because of possible irregularities with the administrative appeal process.

## 3. Arguments Presented:

The parties have presented the Court with arguments addressing whether the School Board's decision comports with the provisions of the LECA and IDEA statutes. The Court is not required to reach a decision on these arguments at this time because of a more fundamental issue that must be decided by the Court.

The plaintiffs allege procedural defects in the administrative review of Buddy's placement decision. Specifically, the plaintiffs argue that one member of the appellate panel that reviewed Buddy's case had previously recused himself as a hearing officer. According to documents submitted by the plaintiffs in support of their motion for summary judgment, Harris D. Copenhaver was initially appointed as a hearing officer to review Buddy's case.

Copenhaver later notified the parties of his intent to recuse himself saying,

I have spent about 13 hours in time familiarizing myself with the facts of this case, and I feel I am presently prejudiced in favor of the Ascension Parish School Board. Therefore, I feel I could not be completely fair in any final decision regarding the Veazey family. I am therefore recusing myself and closing my file on John Gideon Veazey * * * I will not be the hearing officer, and my file on John Gideon Veazey is now finaled and closed.[9]

Counsel for both the plaintiffs and defendant subsequently participated in a telephone conference with Copenhaver during which he expressed his intent to recuse himself.[10]

After Copenhaver recused himself, Madeline Carbonett was appointed as hearing officer and rendered a decision. Buddy's parents then appealed her ruling. The administrative review process requires that a three person panel be appointed to review the hearing officer's decision. For reasons not satisfactorily explained in the record, Copenhaver was appointed to sit on the panel that reviewed Carbonett's decision.

In a joint motion submitted to the Court, the parties agree that the Court has authority to either: (1) remand the case so that a properly constituted appellate panel may be appointed; or (2) rule on the cross motions for summary judgment presently before the Court. For the reasons which are set forth below, the Court finds that the proper course of action is to remand

---

**5.** *Regulations for the Implementation of the Exceptional Children's Act* (La. R.S. 17:1941, et.seq.), Bulletin 1706.

**6.** Particularly, the hearing officer focused on 34 C.F.R. § 300.522 which requires a local education to ensure that a child attends the school he would attend if not disabled, if possible. Rec. Doc. No. 2, ps 13–14. The hearing officer found that the school board properly followed the IDEA (and LECA) guidelines.

**7.** Rec. Doc. No. 2, p. 16.

**8.** The defendants filed a motion for summary judgment on February 12, 1999, Rec. Doc. Nos. 25, 26. The plaintiff's then filed their own motion for partial summary judgment on February 16, 1999, Rec. Doc. Nos. 27, 28.

**9.** Rec. Doc. No 27, Exhibit 1.

**10.** Rec. Doc. No. 27, Exhibit 1.(affidavit of plaintiff's counsel, Paul Veazey).

the case for another administrative hearing.

### 4. Legal Principles and Application to Facts

■ This Court reviews the administrative proceedings below de novo as a mixed question of law and fact.[11] Independent review of the administrative process by the Court ensures procedural protections for the child's rights.[12] The Court may, however, review the entire record from the administrative proceedings to guide its decision.[13] Implicit in relying on these administrative proceedings for guidance is a finding that the proceedings have satisfied the constitutional requirements of due process. The Court believes that the proceedings in this case do not satisfy those requirements.

■ As previously set forth, the appellate review panel in this case included one member who had previously recused himself from this case. At a minimum, this suggests that Buddy's appeal was not given a fair hearing by the required three person review panel. Copenhaver previously cited "bias" in favor of the School Board when he recused himself. However, he proceeded to sit as a member of the review panel which upheld the hearing officer's decision. The Court believes that Copenhaver's presence on the review panel deprived the plaintiffs of a fair and constitutionally correct hearing. Under a de novo standard of review, the Court may permissibly "by pass" the administrative process, address the merits of the School Board's placement decision and render its own decision. However, the Court believes that Buddy's interests and the administrative review process would be best served if the appeal procedures set forth in the state regulations were properly followed in an unbiased fashion.[14] By allowing the plaintiffs to have a constitutionally correct hearing, this Court will be able to have a proper administrative record to review should the parties return to this Court after the administrative process has been completed.

As a result, the Court finds that a new administrative hearing shall be granted to plaintiffs. The parties may agree to begin at the hearing officer level or at the administrative appeal level. This, of course, will depend on whether the facts in the original hearing have changed. This procedure will ensure that Buddy's case will receive the fair review that it deserves.

Therefore, IT IS ORDERED that:

(1) A new state administrative review hearing shall be held in accordance with this opinion;

(2) A new hearing officer and three-person review panel shall be appointed to hear and/or review this case. The hearing officer and panel shall not be constituted with any persons who have served as either hearing officers or as members of a prior three person review panel;

(3) The hearing officer and/or review panel shall follow the guidelines and procedures set forth by state and federal law in reviewing this case;

(4) The cross motions for summary judgment are DENIED without prejudice, except to the extent the Court has granted plaintiffs a partial summary

---

11. *Teague Independent School District v. Todd L.*, 999 F.2d 127 (5th Cir.1993); *Christopher M. v. Corpus Christi Independent School District*, 933 F.2d 1285, 1289 (5th Cir.1991).

12. *Christopher M*, 933 F.2d at 1289.

13. See 20 U.S.C. § 1415(e)(2). (section of IDEA statute which directs the district court to give "due weight" to hearing officer's findings).

14. See *Honig v. Doe*, 484 U.S. 305, 326–328, 108 S.Ct. 592, 606, 98 L.Ed.2d 686 (1988) (Judicial review of administrative proceedings normally not available under precursor to federal IDEA statute until administrative proceedings are completed, but parents may bypass the administrative process when exhaustion would be futile or inadequate).

judgment on the new administrative hearing. The Court reserves the rights of the parties to renew these motions after the state administrative review process has been completed.[15]

This case is hereby administratively closed. Should the parties desire to return to this Court, it will only be necessary to file a motion to reopen the case. Should the parties desire to reopen this case, the parties shall do so within twenty days after a final decision has been rendered in accordance with the administrative review process. A copy of any decisions rendered under the administrative process shall be filed with the motion to reopen.

IT IS SO ORDERED.